UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROLLAN STANLEY, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:13 CV 1760 RWS (ACL) |
| ELLIS McSWAIN, JR.,[1] | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the Petition of Rollan Stanley for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

## I. Procedural History

At the time of the filing of the Petition, Stanley was incarcerated at Boonville Correctional Center in Boonville, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of the City of St. Louis, Missouri. (Respt's Ex. B at 55-58.)

On April 15, 2009, a jury found Stanley guilty of one count of first degree burglary, and one count of misdemeanor stealing. (Respt's Ex. A at 245.) The court sentenced Stanley as a prior and persistent offender to fifteen years imprisonment for the burglary count, and to time served for the misdemeanor stealing count. (Respt's Ex. B at 56.)

---

[1]Respondent has advised the Court that Petitioner Rollan Stanley was released on parole on March 13, 2014. (Doc. 20.) Thus, the proper respondent is "the particular…parole official in charge of the parole agency." Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (Advisory Comm. Notes). Ellis McSwain, Jr., the Chairman of the Missouri Board of Probation and Parole, is the proper respondent in this matter. The Court will, therefore, substitute Ellis McSwain, Jr. as the respondent.

1

In his single point on direct appeal of his convictions, Stanley argued that there was insufficient evidence to support his conviction for burglary in the first degree. (Respt's Ex. C.) On September 28, 2010, the Missouri Court of Appeals affirmed Stanley's convictions. (Respt's Ex. E.)

Stanley filed a timely motion for post-conviction relief under Rule 29.15. (Respt's Ex. F at 3-10.) After appointment of counsel, an amended post-conviction relief motion and request for evidentiary hearing was filed. *Id.* at 15-32. The amended motion alleged the following ineffective assistance of counsel claims: (1) trial counsel failed to investigate the scene of the crime; (2) trial counsel refused to permit Stanley to participate in jury selection; (3) trial counsel failed to investigate and call as a witness a detective whose name is unknown; (4) appellate counsel failed to raise a point on direct appeal that the trial court erred in admitting State's Exhibit 2; (5) appellate counsel failed to raise a sufficiency point based on the theory of destructive contradictions; and (6) trial counsel failed to file a motion to suppress Stanley's statement. *Id.* The motion court denied Stanley's amended motion and his request for an evidentiary hearing. *Id.* at 33-41.

In his sole point on appeal from the denial of post-conviction relief, Stanley argued that trial counsel was ineffective for failing to investigate the scene of the crime. (Respt's Ex. G.) The Missouri Court of Appeals affirmed the decision of the motion court. (Respt's Ex. I)

Stanley filed the instant Petition on September 3, 2013. (Doc. 1.) Although Stanley lists three grounds for relief, he alleges four additional sub-claims within these grounds for relief. Stanley's combined claims are as follows:[2] (1) Ground One (labeled Ground One): he received ineffective assistance of counsel because trial counsel failed to investigate the crime scene; (2)

---

[2]For clarity, the undersigned will refer to Stanley's grounds for relief as set out below for the remainder of this Report and Recommendation.

2

Ground Two (sub-claim of Ground One): he received ineffective assistance of counsel because trial counsel failed to investigate any witnesses; (3) Ground Three (sub-claim of Ground One): he received ineffective assistance of counsel when trial counsel filed a motion to suppress without arguing his statements contained prior bad acts; (4) Ground Four (sub-claim of Ground One): he received ineffective assistance of counsel because appellate counsel failed to raise a sufficiency of the evidence argument under a theory of destructive contradictions; (5) Ground Five (labeled Ground Two): the trial court erred in admitting Exhibit 2; (6) Ground Six (labeled Ground Three): there was insufficient evidence presented to support the verdict as to the burglary in the first degree charge; and (7) Ground Seven (sub-claim of Ground Three): he was not allowed to participate in the jury selection procedure, which violated his right to a fair and impartial jury. (Doc. 1.)

On November 1, 2013, Respondent filed a Response to Order to Show Cause, in which he argues that five of Stanley's seven grounds for relief are procedurally defaulted, and all of Stanley's claims fail on their merits. (Doc. 9.) Stanley has filed a Traverse, in which he provides further argument in support of his claims. (Doc. 12.)

## II.  Facts[3]

Timothy Stilwell ("Stilwell") is the manager of American Pulverizer Company at its facility on Macklind Avenue in the City of St. Louis. On March 14, 2008, at approximately 3:30 p.m., Stilwell checked and locked the warehouse behind the office. The shipping and receiving business located in the warehouse closed at 3:30 p.m., but the office was open until 5:00 p.m.

At about 3:45 p.m., Stilwell saw Stanley in the warehouse. He approached Stanley and saw what he believed was the company's air nailer sticking out from Stanley's bag. Stillwell removed the air nailer from Stanley's bag and asked Stanley where he had gotten the item.

---

[3]The Court's summary of the facts is taken from the decision of the Missouri Court of Appeals on direct appeal. (Respt's Ex. E.)

3

Stanley pointed to the shelf where the air nailer was usually kept. Stilwell noticed that the company's air nailer was missing from the shelf, and he called the police.

Officer Clark responded to the call. After talking with Stilwell, Officer Clark placed Stanley under arrest for burglary first-degree and read him his *Miranda* rights. Stanley told Officer Clark that he was out of work and was planning to sell the air nailer to a pawn shop. At the police station, Detective Funk interviewed Stanley, after again advising him of his *Miranda* rights. Stanley waived his rights and made a written statement admitting to the burglary.

Stanley's signed statement provides as follows:

> "I, Rollan Stanley, want to make the following statement: A business off of Manchester I remove a airgun. I plan on selling at a pawn shop. I have frequently entered businesses an remove tools from them to sell at pawn shop. I have frequently done this in order to get money to buy clothes to sell. This is usually done on the South side of St. Louis."

(Doc. 12-4 at p. 2.)

### III. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

## IV. Procedural Default

Respondent contends that Grounds Two, Three, Four, Five, and Seven are procedurally defaulted. Respondent states that Stanley properly exhausted Grounds One and Six.

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) and *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner

has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Wemark*, 322 F.3d at 1021 (internal quotation marks omitted) (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. *See id.* at 1022.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. *Id.* If a petitioner cannot show 'cause' for the procedural default, then the court need not determine whether actual prejudice has resulted. *See Leggins v. Lockhart,* 822 F.2d 764, 768 (8th Cir. 1987).

Stanley raised the ineffective assistance of counsel claims contained in Grounds Two, Three, Four, and Seven[4] in his post-conviction motion, but did not raise them in his post-conviction appeal. Stanley does not allege cause for his failure to raise these claims in his appeal from the denial of post-conviction relief. Attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). But ineffective assistance of counsel in not raising a claim on appeal from the

---

[4]Stanley argued trial counsel was ineffective in refusing to permit him to participate in jury selection in his post-conviction relief motion. In the instant habeas petition, Stanley merely alleges that he was not allowed to participate in the jury selection procedure, but the Court assumes he intends to raise the ineffective assistance of counsel claim he raised in his post-conviction motion. To the extent Stanley intends to allege trial court error, this claim is also procedurally defaulted as Stanley did not raise such a claim in his direct appeal.

denial of post-conviction relief does not constitute cause. *Id.* at 1320; *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). Thus, Stanley has not established cause to excuse his procedural default as to Grounds Two, Three, Four, and Seven.

In Ground Five, Stanley argues that the trial court erred in admitting Exhibit 2. This claim of trial error should have been raised in Stanley's direct appeal. As cause for his procedural default, Stanley argues that his appellate counsel was ineffective in failing to raise this claim.

While ineffective assistance of counsel constitutes cause for a procedural default, the exhaustion doctrine generally requires that an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause of a procedural default in federal habeas proceedings. *Murray*, 477 U.S. at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). This procedural default may be excused if the prisoner can then satisfy the cause-and-prejudice standard with respect to that claim. *Id.*

Stanley argued in his post-conviction relief motion that appellate counsel was ineffective for failing to raise the claim that the court erred in admitting Exhibit 2. Stanley did not, however, raise this claim in his appeal from the denial of post-conviction relief. His procedural default of this claim cannot be excused by the ineffective assistance of post-conviction appeal counsel. *See Arnold*, 675 F.3d at 1087. Thus, Stanley has not established cause to excuse his procedural default of Ground Five.

Stanley's procedural default cannot be excused by actual innocence. A claim of actual innocence may be used as a gateway to overcome the procedural default of other claims. *See Schlup v. Delo*, 513 U.S. 298 (1995). Petitioners asserting innocence as a gateway to defaulted

claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327. Stanley does not present any new evidence to support a claim of actual innocence.

Thus, Grounds Two, Three, Four, Five, and Seven are procedurally defaulted.

### V. Stanley's Claims

The undersigned will now examine the merits of all of Stanley's claims.

**1.      Ground One**

In his first ground for relief, Stanley argues that he received ineffective assistance of counsel when trial counsel failed to investigate the scene of the crime. (Doc. 1 at 5.) Although Stanley does not allege any facts in support of this claim, in his post-conviction proceedings he argued that an investigation of the scene of the crime would have revealed that the building was open for public entry without "no trespassing" and "employees only" signs.

The motion court held that Stanley's claim lacked merit because the evidence at trial showed that Stanley was in an area that was not open to the public, that the area was marked as being for employees only, and that he entered into the warehouse for the purpose of stealing a tool. (Respt's Ex. F at 38.) The Missouri Court of Appeals held as follows:

> First, the warehouse manager testified that all six doors into the warehouse had signs that said "Employees Only." This evidence factually refutes Appellant's claim there were not restrictive entry signs at the warehouse. Appellant also did not show that the purported lack of restrictive entry signs, or evidence that the warehouse was open to the public, would have aided or improved his position by showing that his entry was not unlawful, or that he did not knowingly enter the warehouse unlawfully. When Appellant was apprehended by police in the warehouse with the air gun from the warehouse in his bag, Appellant told police he was planning on stealing the air gun and selling it for cash at a pawn shop. When he was later interviewed by police, he verbally admitted and made a written statement that he went into the warehouse to steal things to sell, and that he frequently entered businesses to steal items to sell, as this practice was his main source of income.

8

> Finally, even if there had been no restrictive signage on the warehouse, such fact would not have provided a defense to Appellant in this case. Appellant did not have permission to be in the warehouse, which was closed and locked. Stilwell discovered Appellant in the warehouse after he had closed and locked it. Appellant admitted he entered the locked warehouse to steal items and sell them. In the face of all of this evidence including his own admission establishing Appellant's guilt of burglary and stealing, his position could not have been aided or improved had trial counsel investigated whether there were "no-trespassing" signs posted at the warehouse. Barnes, 334 S.W.3d at 723.

(Respt's Ex. I at 5-6.)

In order to state a claim of ineffective assistance of trial counsel, Stanley must meet the *Strickland* standard: he must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable — a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 113 (2009) (internal quotations and citations omitted).

The Missouri courts reasonably applied *Strickland*. Even if an investigation of the warehouse would have revealed that there was no signage, Stanley entered the warehouse after business hours when the building was locked. (Respt's Ex. A at 154-55.) Stanley admitted to Officer Cook that he entered the warehouse to steal the air nailer belonging to American Pulverizer and to sell it. Stanley is, therefore, unable to demonstrate prejudice resulting from defense counsel's failure to investigate the crime scene. The decision of the state courts was neither contrary to nor an unreasonable application of federal law.

Accordingly, the undersigned recommends that Ground One be denied.

**2.      Ground Two**

In his second ground for relief, Stanley argues that he received ineffective assistance of counsel because trial counsel failed to investigate any witnesses.  (Doc. 1 at 6.)  Stanley does not identify the witnesses that counsel should have investigated or called.  In his post-conviction motion, he argued that trial counsel failed to investigate and call as a witness a detective whose name is unknown.  Stanley argued that the unnamed detective observed the police in the instant case request that Stanley confess to crimes outside the district and then used the confession to establish Stanley's guilt in this case.  (Respt's Ex. F at 23.)

The motion court rejected this claim.  The court noted that Stanley's claim "makes no sense as no confession to a different crime was used at the trial to establish [Stanley]'s guilt in this case."  (Respt's Ex. F at 39.)  Rather, the court held that it was "clear from the record that [Stanley]'s statements were made with regard to an air gun [Stanley] was caught taking from the American Pulverizer warehouse on Macklind, at a location just off of Manchester."  *Id.*

The decision of the state court was not contrary to or an unreasonable application of clearly established law.  The crime occurred at a warehouse on Macklind, which intersects with Manchester.  (Respt's Ex. A at 120-21.)  As such, Stanley's statement that the crime occurred at a business "off of Manchester" appears to be a confession to the crime at issue.  Further, even assuming that Stanley's statement referred to a different crime, his statement was cumulative of other evidence presented of his guilt.  Significantly, the manager of the warehouse testified that he caught Stanley in the act of stealing equipment from American Pulverizer.  *Id.* at 142-43.  In addition, Stanley admitted to the crime to Officer Cook.  *Id.* at 171.  Thus, Stanley was not prejudiced by the failure of trial counsel to investigate or call an unknown detective to testify regarding Stanley's alleged confession to another crime in his written statement.

Accordingly, the undersigned recommends that Ground Two be denied.

3.     **Grounds Three and Five**

In his third ground for relief, Stanley argues that he received ineffective assistance of counsel because trial counsel failed to file a motion to suppress his statement on the theory that it was evidence of prior bad acts. (Doc. 1 at 6.) Similarly, in Ground Five, Stanley claims that the trial court erred by admitting State's Exhibit 2—his statement—as it was evidence of other crimes.

Stanley raised Ground Three in his post-conviction motion. He argued in the post-conviction court that counsel was ineffective for failing to have his written statement suppressed because it was irrelevant to the crime for which he was on trial. (Respt's Ex. F at 27.) Stanley contended that his statement was not provided with regard to the relevant offense because it referenced a burglary on Manchester and not a burglary on Macklind. *Id.*

The motion court held that Stanley's claim was "totally without merit." *Id.* at 40. The court stated that it was "apparent that movant's statement was made with regard to the burglary for which he had been arrested, that the statement with regard to the American Pulverizer premises, and that such premises were just off of Manchester." *Id.* at 40-41.

The decision of the state court was not contrary to clearly established federal law. Trial counsel filed a Motion to Suppress Statements, arguing that Stanley's statements were not voluntary, and were made without Stanley first being advised of his constitutional rights. (Respt's Ex. B at 27-28.) At the hearing on the Motion to Suppress Statements, Stanley testified that he was referring to a different crime in his statement. (Respt's Ex. A at 126-27.) He further testified that Detective Funk asked him to give a statement about other burglaries. *Id.* Stanley's Motion to Suppress Statements was denied. *Id.* at 129.

11

Counsel was not ineffective for failing to argue that Stanley's statement should be suppressed because it related to a different crime. At trial, Detective Funk testified that it was clear in her discussion with Stanley that she was asking about the burglary at American Pulverizer. (Respt's Ex. A at 212-13.) The manager of American Pulverizer testified that the warehouse was located approximately one-third of a block away from the intersection of Macklind and Manchester. *Id.* at 138. The motion court reasonably determined that Stanley's statement referred to the burglary at American Pulverizer for which he had been arrested. A motion to suppress on the basis that the statement related to a different crime would have been meritless. Further, even if this statement were excluded, the outcome of the trial would not have changed, as Stanley was caught in the act of stealing by the warehouse manager and confessed to the crime to Officer Clark.

In Ground Five, Stanley claims that the trial court erred by admitting his statement, as it was evidence of other crimes. As the Supreme Court has emphasized, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," such as the admissibility of evidence at trial. *See Estelle v. McGuire,* 502 U.S. 62, 68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* Evidentiary issues can, however, form the basis for habeas relief if the error constitutes an independent constitutional violation. *See Bounds v. Delo,* 151 F.3d 1116, 1119 (8th Cir. 1998). "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." *Id.* (quoting *Parker v. Bowersox,* 94 F.3d 458, 460 (8th Cir. 1996)). To meet this standard, a petitioner must show a reasonable probability that the evidentiary errors affected the trial's outcome. *See Meadows v. Delo,* 99 F.3d 280, 283 (8th Cir. 1996).

Stanley's claim lacks merit. Stanley cannot show that the admission of Exhibit 2 affected the trial's outcome in light of the other evidence presented supporting that Stanley was guilty of burglarizing the American Pulverizer warehouse.

Accordingly, the undersigned recommends that Grounds Three and Five be denied.

**4. Grounds Four and Six**

Grounds Four and Six both challenge the sufficiency of the evidence. In Ground Four, Stanley argues that appellate counsel was ineffective in failing to raise a sufficiency of the evidence argument under a theory of destructive contradictions. (Doc. 1 at 6.) In Ground Six, he claims that there was insufficient evidence that he "knowingly entered unlawfully" as required for burglary. *Id.* at 9.

Stanley challenged the sufficiency of the evidence in his direct appeal. The Missouri Court of Appeals held as follows:

> Section 569.160 provides, in pertinent part:
>
>> 1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:
>> (3) There is present in the structure another person who is not a participant in the crime.
>
> In the case at hand, Stilwell found Defendant in the warehouse, which was restricted to employees only, after it was closed and locked. Defendant was in possession of property belonging to American Pulverizer and admitted it to Stilwell. Stilwell testified that all the entrances to the warehouse were marked "Employees only" and that a potential customer could enter the area only accompanied by an employee.
> Defendant told Officer Clark that he planned to steal something from the warehouse to sell for cash and that was his main source of income. Similarly, Defendant gave a written statement to Detective Funk that specially stated that he entered the business and moved the air gun, and that he frequently stole tools from other businesses as well.
> Based on the evidence presented, the jury could reasonably find that

13

> Defendant entered the American Pulverizer warehouse unlawfully, with the intent of stealing a tool to sell for cash, and that Stilwell was present during the commission of the theft. We are not persuaded that the trial court erred and abused its discretion in denying his motion for judgment of acquittal.

(Respt's Ex. E at 5-6.)

The standard for reviewing the sufficiency of the evidence is set forth in *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson,* the United States Supreme Court held that the appropriate inquiry for reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Further, "[t]he state is 'not required to rule out every hypothesis except that of guilt beyond a reasonable doubt.'" *Flieger v. Delo,* 16 F.3d 878, 883 (8th Cir. 1994) (quoting *Perez v. Groose,* 973 F.2d 630, 634 (8th Cir. 1992)). The federal court "must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and must defer to that resolution." *Miller v. Leapley,* 34 F.3d 582, 585 (8th Cir. 1994). The Eighth Circuit Court of Appeals has "recognized that the verdict 'may be based in whole or in part on circumstantial evidence.'" *Hill v. Norris,* 96 F.3d 1085, 1088 (8th Cir. 1996) (quoting *United States v. Anderson,* 78 F.3d 420, 422 (8th Cir. 1996)).

A review of the record reveals that the evidence adduced at trial was clearly sufficient to support a guilty verdict. Under Missouri law, "a person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein...." Mo.Rev.Stat. § 569.160. Thus, the State had the burden of proving, beyond a reasonable doubt, that Stanley not only unlawfully entered the warehouse, but that he entered or remained in the warehouse for the purpose of committing the crime therein, and another person was present in the warehouse who

was not a participant in the crime. *Id.*

At trial, the manager of American Pulverizer, Timothy Stilwell, testified that he found Stanley in the warehouse of American Pulverizer after 3:30 p.m., when the building was locked. (Respt's Ex. A at 140-42, 154.) Stanley was in possession of an air nailer belong to American Pulverizer. *Id.* at 143. Stilwell further testified that there are "employees only" signs at some of the doors to the warehouse, and that the entire lot is gated. *Id.* at 148, 161. Officer Clark testified that Stanley admitted that he had gone into the warehouse to steal the air nailer and sell it for cash. *Id.* at 172. Finally, Detective Funk testified regarding the content of Stanley's written statement. *Id.* at 194. Specifically, Detective Funk testified that Stanley wrote that he went to the business located off of Manchester, removed an air gun, and planned to sell it at a pawn shop. *Id.* The evidence presented at trial was sufficient for a jury to conclude that Stanley knowingly entered the warehouse unlawfully. The decision of the state court was not contrary to or an unreasonable application of *Jackson*.

Stanley also contends that appellate counsel was ineffective for failing to raise a sufficiency of the evidence argument under a theory of destructive contradictions. It is well-established that the Sixth Amendment guarantees the right to effective assistance of counsel on direct appeal. *See Evitts v. Lucey,* 469 U.S. 387, 396–97 (1985); *Douglas v. California,* 372 U.S. 353, 357–58 (1963). The proper standard for evaluating a claim of ineffective assistance of appellate counsel is that set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Boliek v. Bowersox,* 96 F.3d 1070, 1073 (8th Cir. 1996). The petitioner must show that the appellate attorney's performance was below the reasonable standard of competence and that there is a reasonable probability that the result would have been different absent this deficient performance. *See Strickland,* 466 U.S. at 687; *Gee v. Groose,* 110 F.3d 1346, 1352 (8th Cir.1997).

Appellate counsel is expected to winnow the issues on appeal to highlight the most meritorious issues and eliminate the sure losers. *See Jones v. Barnes,* 463 U.S. 745, 751–52 (1983); *Gee,* 110 F.3d at 1352; *Reese v. Delo,* 94 F.3d 1177, 1185 (8th Cir. 1996) (counsel has discretion to abandon losing issues on appeal); *Pollard v. Delo,* 28 F.3d 887, 889 (8th Cir. 1994). An attorney's decision not to raise an unwinnable issue on appeal is an important strategic decision in competent appellate advocacy, and does not constitute ineffective assistance of appellate counsel. *Horne v. Trickey,* 895 F.2d 497, 500 (8th Cir. 1990); *see Jones,* 463 U.S. at 751–54 (attorney on direct appeal does not have duty to pursue on appeal every colorable issue).

In this case, appellate counsel challenged the sufficiency of the evidence, but did not raise the doctrine of destructive contradictions. In his post-conviction motion, Stanley argued that appellate counsel was ineffective for failing to make this argument. (Respt's Ex. F. at 25-26.) Specifically, Stanley claimed that Detective Funk's testimony was inherently contradictory because she said Stanley's statement referred to Manchester rather than Macklind as the site of the crime. *Id.* The motion court rejected this claim. The court stated that it had reviewed Detective Funk's testimony and found "there was nothing contradictory in her testimony about where the burglary occurred or which crime movant was addressing in his statement." (Respt's Ex. F at 40.)

The Missouri doctrine of destructive contradictions "provides that a witness's testimony loses probative value when his or her statements at trial are so inconsistent, contradictory and diametrically opposed to one another that they rob the testimony of all probative force." *T.L.C. v. T.L.C.,* 950 S.W.2d 293, 295 (Mo. Ct. App. 1997). It is properly invoked only when "the testimony is so 'inherently incredible, self-destructive or opposed to known physical facts' on a vital point or element that reliance on the testimony is necessarily precluded." *State v. Wright,* 998 S.W.2d 78, 81 (Mo. Ct. App. 1999). The Missouri Supreme Court subsequently has

recognized that doctrine is inconsistent with the federal standard for sufficiency of the evidence and has abolished the doctrine. *State v. Porter,* 439 S.W.3d 208 (Mo. 2014).

The decision of the state court was not contrary to clearly established federal law. Detective Funk testified that Stanley's statement referred to a business "off of Manchester." (Respt's Ex. A at 196, 208, 213.) Detective Funk stated that "the 1300 block of Macklind is directly off of Manchester." *Id.* at 208. She stated that she explained to Stanley that she was questioning him about the burglary of American Pulverizer, for which he had been arrested that day. *Id.* at 212-23. Detective Funk's testimony was not so contradictory so as to rob it of probative force. Rather, it is clear from her testimony that her questioning of Stanley and his written statement concerned the burglary of American Pulverizer on Macklind. A business "off Manchester" is an accurate description of American Pulverizer. Thus, appellate counsel was not ineffective for failing to raise a meritless claim.

Further, even if appellate counsel had effectively raised this argument and Detective Funk's testimony were excluded, the court would still consider the remainder of the evidence to determine if it was sufficient. As discussed above, Stilwell testified that he found Stanley in the warehouse after the facility was closed in possession of American Pulverizer's property. In addition, Stanley admitted to Officer Clark that he had gone into the warehouse to steal the air nailer and sell it for cash. *Id.* at 172. Thus, sufficient evidence would remain to support Stanley's conviction.

Accordingly, the undersigned recommends that Grounds Four and Six be denied.

**5.     Ground Seven**

In his final ground for relief, Stanley argues: "I was not allow[ed] to actively participate in the jury selection procedure by participating in the strikes for cause, which diminish my right to a fair and impartial jury." (Doc. 1 at 10.) Stanley does not provide any facts in support of this

claim, nor does he indicate whether his claim is one of ineffective assistance of counsel or trial court error.

In his post-conviction motion, Stanley argued that trial counsel was ineffective in refusing to permit him to participate in jury selection. (Respt's Ex. F at 21.) Stanley claimed that he did not want "one of the women who sat as an alternate to sit on his jury." *Id.* at 22. The motion court held that this claim lacked merit, as Stanley "does not claim the alternate juror ended up serving on the jury and he does not allege any valid basis for striking her for cause." *Id.* at 38.

To the extent Stanley is alleging trial error, in that the trial court prevented him from participating in the jury selection process, his claim lacks merit. The record reveals that Stanley was present in the courtroom when jury selection began, and when challenges for cause were made by both sides. (Respt's Ex. A at 12-13, 31-32, 98.) Nothing in the record indicates that Stanley left the courtroom at any point during voir dire, or that the trial court in any way precluded Stanley from consulting with his attorney during the process.

Stanley's claim that counsel was ineffective in failing to strike a juror similarly fails. To prevail on a claim of ineffective assistance of counsel for the attorney's failure to strike a biased juror, a federal habeas petitioner must show that the juror was actually biased against the petitioner. *Goeders v. Hundley,* 59 F.3d 73, 75 (8th Cir. 1995) (discussing a juror's bias as an aspect of the prejudice element of an ineffective assistance of counsel claim) (citing *Smith v. Phillips,* 455 U.S. 209, 215 (1982)).

In this case, Stanley merely alleges that he did not want one of the women chosen as an alternate to sit on the jury. Stanley does not specify which of the alternates he did not want, or why he did not want the individual to serve on the jury. He does not allege that the individual was biased. Further, the record reveals that neither of the two alternates actually served on the jury. (Respt's Ex. A at 244-45.) Thus, the decision of the state court was not contrary to or an

unreasonable application of federal law.

Accordingly, the undersigned recommends that Ground Seven; be denied.

VI.  **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Stanley has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the Petition of Rollan Stanley for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have fourteen days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

s/Abbie Crites-Leoni<br>United States Magistrate Judge

Dated this 3rd day of August, 2016